**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000121
30-APR-2014
08:38 AM**

NO. CAAP-11-0000121


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROMOLO B. SILVA, Plaintiff-Appellant, v.
STATE OF HAWAI'I, Defendant-Appellee, and DOE DEFENDANTS 1-100,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2264)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Romolo B. Silva (Silva) appeals from the February 18, 2011 "Judgment in Favor of Defendant State of Hawaii Against the Plaintiff" entered by the Circuit Court of the First Circuit (Circuit Court).[1]

Silva brought this case as a result of being erroneously listed as non-compliant on the State of Hawai'i's (State) Sex Offender website.  His complaint asserted causes of action for (1) negligence, (2) intentional infliction of emotional distress (IIED), (3) negligent infliction of emotional distress (NIED), (4) defamation, (5) abuse of process, and (6) interference with prospective business advantage (IPBA).  In its motion for summary judgment, the State asserted judgment should be entered in its favor as it was immune from liability under Hawaii Revised Statutes (HRS) § 846E-8 (Supp. 2013) and, with regard to the intentional torts alleged, it had not waived its sovereign immunity.  In his Memorandum in Opposition to the State's Motion for Summary Judgment, Silva "agree[d] and

---

[1]     The Honorable Rom A. Trader presided.

consent[ed] to the dismissal" of his claims of Defamation and Abuse of Process "pursuant to the express provisions of [HRS §] 662-15(4)" (Supp. 2013). Thus, only counts I, II, III, and VI are at issue in this appeal.

In granting judgment in the State's favor, the Circuit Court relied on the immunity provision contained in HRS § 846E-8[2] for good faith conduct and the exception to the State's waiver of sovereign immunity contained in HRS § 662-15(4).[3]

On appeal, Silva challenges the Circuit Court's decisions to grant summary judgment in the State's favor and to deny him leave to amend his complaint.[4]

Based on a careful review of the issues raised and the arguments made by the parties, the applicable authority and the record, we reject Silva's challenges and affirm.

    1.    Summary Judgment.

> [An appellate] court reviews a trial court's grant of summary judgment *de novo*. O'ahu Transit Servs., Inc. v. Northfield Ins. Co., 107 Hawai'i 231, 234, 112 P.3d 717, 720 (2005). The standard for granting a motion for summary judgment is well settled:
>
> > Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[2]    Section 846E-8 of the chapter on Registration of Sex Offenders and Other Covered Offenders and Public Access to Registration Information (Sex Offender Registration Law) provides:

> **Good faith immunity.** Law enforcement agencies, employees of law enforcement agencies, and state and county officials shall be immune from liability for good faith conduct under this chapter.

[3]    HRS § 662-15 of the State Tort Liability Act provides:

> **Exceptions.** This chapter shall not apply to:
>
> . . . .
>
> (4)    Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

[4]    We note that, on August 25, 2011, Silva erroneously filed with this court, "Petitioner-Plaintiff-Appellant Romolo B. Silva's Application For Transfer of Case to the Supreme Court" that was erroneously coded as a "Memorandum" in the Judiciary Electronic Filing System and assigned docket number 33. Hawai'i Rules of Appellate Procedure (HRAP) Rule 40.2 (applications for transfer are filed "in the supreme court"). No action was taken on Silva's erroneous filing.

> material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, [the appellate court] must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.
>
> Price v. AIG Hawai'i Ins. Co., 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005) (original brackets and citation omitted).

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

Before the Circuit Court, the parties agreed that the facts were not in dispute. Rather, the issues turned on whether Silva's causes of action were barred by the immunity statutes. We first address the applicability of HRS § 846E-8.

Chapter 846E, "Registration of Sex Offenders and Other Covered Offenders and Public Access to Registration Information" (Sex Offender Registration Law) provides immunity for state officials' "good faith conduct under this chapter." HRS § 846E-8. In support of its motion for summary judgment, the State presented to the Circuit Court the declaration of Jennifer Sablan (Sablan), which stated that (1) Sablan was employed by the Hawaii Criminal Justice Data Center of the Department of the Attorney General, that maintains the statewide depository of adult criminal history information called the Criminal Justice Information System (CJIS); (2) CJIS receives its information regarding the final disposition of every circuit and family court criminal charge from the Hawaii Judicial Information System (HAJIS), which is composed of information inputted by each judge's staff; (3) CJIS generates a list of persons who are required to, but have not registered as sex offenders; (4) Sablan is "responsible for verifying conviction information of persons convicted of a covered offense to determine if the offender qualifies for public dissemination under Chapter 846E, HRS[;]" and (5) Sablan does this verification by comparing the information contained in CJIS with that contained in HAJIS.

In Silva's case, Sablan stated that she did this verification in 2007 by viewing the "count screens" in HAJIS,

3

that reported Silva had been convicted of three felony sexual assaults in 2002. Based on this information and the fact that Silva had not registered with her office, she placed his name on the "Non-Compliant list" of their Sex Offender website. She also stated that placement on the list is based on the information provided by the Judiciary and neither she nor any other "employee within the Sex Offender Registration Unit had any reason to question the accuracy of the information provided by Judge Cardoza's office regarding the disposition of the charges against Mr. Silva until our office was notified in 2007" to the contrary by a representative of Silva. Silva's name was removed from the website three days later, after the information reported to her that Silva in fact had not been convicted of sex assaults, had been verified.

On appeal, Silva does not address the immunity provision of the Sex Offender Registration Law directly, but in the context of his argument that he presented an actionable claim of negligence, he maintains that the State failed to present evidence that its employees acted in good faith with regard to him. Silva also argues that, given the Hawai'i Supreme Court's decision in State v. Bani, 97 Hawai'i 285, 36 P.3d 1255 (2001), the Sex Offender Registration Law is "void and unenforceable[,]" and that "the State should have shut down the Hawaii Criminal Justice Data Center's internet website or at the very least, set up a system whereby candidates for the sex offender registry would be given notice and an opportunity to be heard." Despite Silva's assertions and suggestions, he offers no authority beyond Bani for the premise that the Sex Offender Registration Law, as it existed in 2007 when he was added to the Non-Compliant List, remained unconstitutional. See Brown v. Thompson, 91 Hawai'i 1, 14, 979 P.2d 586, 599 (1999) (Construing the individual defendants' claim of qualified immunity under 42 U.S.C. § 1983, and stating that "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal

rules that were 'clearly established' at the time it was taken.")
(citation and internal quotations marks omitted).

Since the Bani decision, the Hawai'i State Legislature
has amended the Sex Offender Registration Law on several
occasions and the Hawai'i State Constitution has been amended to
provide for a right of the public to access information regarding
sex offenders and offenders against children.[5] The 2005
amendments to HRS § 846E-3 were made to "[r]eplace[] pre-access
hearings with the right to post-access hearings for offenders
seeking to end public access as the duration and nature of the
public access is based on the level of the offense committed."
S. Stand. Comm. Rep. No. 600, in 2005 Senate Journal, at 1339
(emphasis added). Therefore, in 2007, when the State listed
Silva on its Sex Offender Registration website,[6] the Sex Offender
Registration Law provided,[7] at the individual's option, a post-

_____

[5] Art. I, § 24 (2004) of the Hawaii Constitution, titled "Public
Access to Information Concerning Persons Convicted of Certain Offenses Against
Children and Certain Sexual Offenses[,]" states that:

> [t]he public has a right of access to registration
> information regarding persons convicted of certain offenses
> against children and persons convicted of certain sexual
> offenses. The legislature shall determine which offenses are
> subject to this provision, what information constitutes
> registration information to which the public has a right of
> access, the manner of public access to the registration
> information and a period of time after which and conditions
> pursuant to which a convicted person may petition for
> termination of public access.

Haw. Const. art. I, § 24.

[6] The 2006 version of the Sex Offender Law provided that its
registration and public access provisions would apply without regard to the
date of the covered offender's conviction. HRS §§ 846E-2(f) and 846E-3(h)
(Supp. 2006).

[7] HRS § 846E-3 (c) through (f) (Supp. 2006) provided, in pertinent
part:

> (c) Public access to a covered offender's public
> information shall be permitted with regard to each covered
> offender beginning the next working day following the filing
> of a judgment of conviction, a finding of unfitness to
> proceed or an acquittal due to mental disease, disorder, or
> defect, for a covered offense, or as soon thereafter as is
> practical. When a notice of appeal has been filed, the
> public information shall note that the covered offender has
> filed a notice of appeal. The public information shall be
> removed upon the reversal of the covered offender's
> conviction or the granting of a pardon to the covered
> offender. Public access shall continue until the expiration
> of at least the following periods:

(continued...)

5

[7](...continued)

     (1)    Forty years after sentencing or release, whichever is later, of a sexually violent predator or a repeat covered offender with at least two separate convictions for a crime for which this chapter requires registration, one of which is a felony;

     (2)    Thirty years after sentencing or release, whichever is later, of any covered offender who has been convicted of an aggravated sexual offense;

     (3)    Twenty-five years after sentencing or release, whichever is later, of any covered offender who is not subject to paragraph (1) or (2), and whose most serious covered offense conviction, except for a conviction under section 707-730(1)(c), is a class A felony or its non-Hawaii equivalent;

     (4)    Fifteen years after a covered offender's date of sentencing or release, whichever is later, for those covered offenders who are not subject to paragraphs (1) through (3) and whose most serious covered offense conviction is a class B felony, or a conviction under section 707-730(1)(c), or its non-Hawaii equivalent; or

     (5)    Ten years after a covered offender's date of sentencing or release, whichever is later, for those covered offenders who are not subject to paragraphs (1) through (4) and:

          (A)    Whose most serious covered offense conviction is a class C felony or its non-Hawaii equivalent; or

          (B)    Have been convicted of a second or subsequent misdemeanor covered offense when all of the previous covered offenses are also misdemeanors.

     (d)    Public access authorized by this section shall be accomplished by the following methods:

     (1)    Public access to the public information for each covered offender subject to subsection (c), paragraphs (1) through (4) shall be provided by both public internet access and on-site public access or;

     (2)    Public access to the public information for each covered offender subject to subsection (c), paragraph (5) shall be provided by on-site public access;

provided that on-site public access shall be provided for each covered offender at the Hawaii criminal justice data center and at one or more designated police stations in each county, to be designated by the attorney general, between the hours of 8:00 a.m. and 4:30 p.m. on weekdays, excluding holidays.

(continued...)

public notification hearing, to terminate public access to the registration information.

Whether the 2007 version of the Sex Offender Registration Law is unconstitutional is a question we need not reach. It suffices to say that the effect of various changes to

---

[7](...continued)

        (e)    After forty years have elapsed after release or sentencing, whichever is later, for covered offenders subject to subsection (c), paragraph (1); thirty years have elapsed after release or sentencing, whichever is later, for covered offenders subject to subsection (c), paragraph (2); twenty-five years have elapsed after release or sentencing, whichever is later, for covered offenders subject to subsection (c), paragraph (3); fifteen years have elapsed after release or sentencing, whichever is later for covered offenders subject to subsection (c), paragraph (4); and ten years have elapsed after release or sentencing, whichever is later, for covered offenders subject to subsection (c), paragraph (5), <u>a covered offender may petition the court in a civil proceeding to terminate public access.</u> In the civil proceeding to terminate public access, the State shall be represented by the attorney general; provided that the attorney general, with the prosecuting agency's consent, may designate the prosecuting agency that prosecuted the covered offender for the most recent covered offense within the State to represent the State. For covered offenders who have never been convicted of a covered offense within the State of Hawaii, the attorney general shall represent the State; provided that the attorney general, with the prosecuting agency's consent, may designate the prosecuting agency for the county in which the covered offender resides to represent the State. The court may order this termination upon proof by a preponderance of the evidence that the covered offender:

        (1)    Has had no new convictions for covered offenses;

        (2)    Is very unlikely to commit a covered offense ever again; and

        (3)    Public access to the covered offender's public information will not assist in protecting the safety of the public or any member thereof;

provided that a denial by the court for relief pursuant to a petition under this section shall preclude the filing of another petition for five years from the date of the last denial.

        (f)    If a covered offender has been convicted of only one covered offense and that covered offense is a misdemeanor, the covered offender shall not be subject to the public access requirements set forth in this section.

(Emphasis added.)

        In 2006, the procedure for termination of public access contained in subsection (e) was amended to provide for participation by the attorney general or prosecutor. 2006 Haw. Sess. Laws Act 106, § 3 at 309.

the law and the Hawai'i Constitution[8] subsequent to Bani had not been assessed by the courts before Silva was added to the Sex Offender website, leaving the constitutionality of the Sex Offender Registration Law an open question.

Thus, Silva failed to demonstrate that, at the time Sablan placed his name on the "Non-Compliant List," the Sex Offender Law was clearly invalid and therefore failed to rebut the State's showing that Sablan was acting in good faith when she listed Silva pursuant to that Law. Therefore, the immunity provision of HRS Chapter 846E applied to the State in this case and the Circuit Court was correct in granting summary judgment in the State's favor on this basis.[9]

2. Motion to Amend Complaint

Silva argues that pursuant to Rule 15 of the Hawai'i Rules of Civil Procedure (HRCP), the Circuit Court erred in denying his Motion for Leave to Amend Complaint because "leave shall be freely given when justice requires." HRCP 15(a).[10] Review of a trial court's denial of leave to amend is reviewed for abuse of discretion. Jou v. Dai-Tokyo Royal State Ins. Co., 116 Hawai'i 159, 163, 172 P.3d 471, 475 (2007). "It is generally inappropriate to grant leave to amend a complaint while summary judgment is pending." Coplin v. Conejo Valley Unified Sch. Dist., 903 F. Supp. 1377, 1388 (C.D. Cal. 1995) cited with

---

[8] See supra note 5.

[9] Our resolution of this issue makes it unnecessary to address the other grounds relied upon by the Circuit Court.

[10] HRCP Rule 15(a), Amended and Supplemental Pleadings, read, at the time of Silva's motion:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

approval in Fed. Home Loan Mortg. Corp. v. Transamerica Ins. Co., 89 Hawai'i 157, 162, 969 P.2d 1275, 1280 (1998) (construing HRCP Rule 15(a)).

Silva's Motion was brought almost fifteen months after his complaint was filed and more than a month after the State's motion for summary judgment had been filed, and it sought to add a cause of action for a violation of his civil rights under 42 U.S.C. § 1983. More importantly, it is well-established that "[u]nder § 1983, a state cannot be sued unless it has consented to be sued or has otherwise waived its sovereign immunity[,]" and "Hawaii has not waived its sovereign immunity from § 1983 damages liability" pursuant to HRS Chapter 662, the State Tort Liability Act. Makanui v. Dep't of Educ., 6 Haw. App. 397, 406, 721 P.2d 165, 171 (1986).

As the amendment Silva sought to make was barred as a matter of law, the Circuit Court did not abuse its discretion when it denied Silva's motion to amend his complaint as such an amendment would have been futile. Fed. Home Loan Mortg. Corp., 89 Hawai'i at 166, 969 P.2d at 1284 ("the trial court does not abuse its discretion in refusing leave to amend where such an amendment would be futile").

Therefore, the February 18, 2011 Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2014.

On the briefs:

Michael Jay Green,
Glenn H. Uesugi, and
Scott K. Collins,
for Plaintiff-Appellant.

Dennis K. Ferm and
Carol M. Inagaki,
Deputy Attorneys General
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge